IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER COTTER,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 4:14-cv-2241 |
| | § | |
| **ERNST & YOUNG LLP** | § | JURY DEMANDED |
| | § | |
| *Defendant,* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Christopher Cotter files this Original Complaint complaining of Defendant Ernst & Young LLP, and for cause of action would show the following:

### I.   PARTIES

1. Plaintiff, Christopher Cotter, is an individual residing in Houston, Harris County, Texas.

2. Defendant, Ernst & Young LLP, is a foreign limited partnership formed under the laws of the State of Delaware. However, Defendant is registered in and maintains its principle place of business in the State of Texas. Defendant may be served with process by serving its registered agent, National Registered Agents, Inc., at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

### II.   JURISDICTION AND VENUE

3. This suit arises under the Americans with Disabilities Act, as amended, ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §623, *et seq.*, and Chapter 21 of the Texas Labor Code. TEX. LAB. CODE § 21.051. Therefore, this

Court has jurisdiction pursuant to the ADA, ADEA and 28 U.S.C. § 1331.  Additionally, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claims of age and disability discrimination and retaliation against Defendant because the claims are so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the U.S. Constitution.

4. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1391(b) because this is the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claim occurred.

### III. EXHAUSTION OF REMEDIES

5. Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").  Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC.  Thus, All conditions precedent to filing this lawsuit have been performed or have occurred.

### IV. FACTS

6. Plaintiff was employed by Defendant as a SAP Manager from March 26, 2012 to August 9, 2013.  Throughout his employment with Defendant, Plaintiff was known for his expertise with SAP, his outstanding technical knowledge and his tireless dedication to each and every engagement assigned to him and his performance evaluations reflected his expertise and work ethics that delivered results.

7. Plaintiff, a 52-year-old man, suffers from peptic inflammatory disease and labile hypertension.  As a result, he experiences nausea, vomiting and retching.  Due to these conditions, Plaintiff's doctor instructed him to avoid stress and not to sit in a confined space for

longer than four hours, which necessitated him to fly Business Class should air travel take longer than four hours.

8. Defendant knew about Plaintiff's disabilities because Plaintiff submitted medical documentation to that effect. He was not asking for special treatment when he informed his supervisors of his medical conditions. He was simply asking for reasonable accommodation so that he could perform the essential functions of his job.

9. Specifically, when Plaintiff had to conduct a site visit in China for the project he was working on in March, 2013, he asked for reasonable accommodation in the form of Business Class air traveling. Defendant denied Plaintiff's accommodations request without any reason, and a younger, less experienced, non-disabled employee made the trip in place of Plaintiff.

10. While Defendant's policy allows for Business Class air traveling arrangements for flights that are longer than four hours, Plaintiff's supervisor ordered Plaintiff to make flight arrangements for Coach traveling, without regard for Plaintiff's disability or accommodations request. Had Plaintiff been accommodated instead of replaced by a younger, non-disabled employee, he would have been able to perform all of his job duties.

11. Plaintiff was forced to make a formal complaint for disability discrimination because, for almost four (4) months, Defendant refused to engage in a dialogue about reasonable accommodations for his disabilities. Finally, in July 2013, Plaintiff met with Defendant's People Advisory Services and Human Resources to discuss his medical conditions and possible reasonable accommodations. After this meeting, on July 9, 2013, Human Resources informed Plaintiff that he would be able to travel on Business class for flights lasting longer than 4 hours. Defendant terminated Plaintiff's employment shortly after Plaintiff having raised issues of discrimination.

12.  It must be noted that Plaintiff's medical conditions have never been an issue in the performance of his job.  He never missed work; never underperformed; never faltered.  Plaintiff needed reasonable accommodations only when he had to take long flights to travel for work.  However, Plaintiff's supervisors blamed him for his failure to make the site visit to China, and further discriminated and retaliated against him by giving him negative performance evaluations for his protected activity.  These negative performance evaluations affected his eligibility for year-end bonus and demonstrate Defendant's negative attitude toward Plaintiff's disabilities and protected activity.

## V. CAUSES OF ACTION

### COUNT NO. 1: DISABILITY DISCRIMINATION

13.  Plaintiff re-asserts and incorporates by reference all of the facts set forth in the above numbered paragraphs.

14.  Plaintiff is disabled, as defined by the ADA.  42 U.S.C. § 12102, 12111(8).

15.  Plaintiff is an employee within the meaning of the ADA.  42 U.S.C. § 12111(4).

16.  Defendant violated the ADA by intentionally discriminating against Plaintiff on the basis of his disability by treating him less favorably than non-disabled employees.  42 U.S.C. § 12112.

17.  Defendant further discriminated against Plaintiff by denying his request for reasonable accommodations.  42 U.S.C. § 12111(9), 12112(b)(5)(A).

### COUNT NO. 2: AGE DISCRIMINATION

18.  Plaintiff re-asserts and incorporates by reference all of the facts set forth in the above numbered paragraphs.

19. Plaintiff is an employee within the meaning of the ADEA and belongs to the class of employees protected under the statute, namely, employees over the age of 40. *See* 29 U.S.C. § 630(f).

20. Defendant is an employer within the meaning of the ADEA. Defendant employs more than 20 employees. *See* 29 U.S.C. § 630(b).

21. Defendant intentionally discriminated against Plaintiff because of his age in violation of the ADEA.

22. Defendant's conduct was an intentional and willful violation of the ADEA. Plaintiff is entitled to an award of liquidated damages within the meaning of the ADEA and the Fair Labor Standards Act ("FLSA").

23. Plaintiff is also entitled to an award of attorney's fees and costs under the ADEA.

## COUNT NO. 3: CHAPTER 21 OF THE TEXAS LABOR CODE

24. Plaintiff re-asserts and incorporates by reference all of the facts set forth in the above numbered paragraphs.

25. As set forth above, Defendant, by and through its agents and employees, engaged in unlawful employment practices and implemented unlawful employment policies in violation of Chapter 21 of the Texas Labor Code. TEX. LAB. CODE § 21.051.

26. Defendant, acting by and through its employees, has maintained a policy of age and disability discrimination in violation of Chapter 21 of the Texas Labor Code. TEX. LAB. CODE § 21.051.

27. Further, Defendant's committed the actions set forth intentionally, with malice, and/or with reckless indifference to Plaintiff's rights and Plaintiff is therefore entitled to compensatory and punitive damages pursuant to the Texas Labor Code.

## COUNT NO. 4: RETALIATION

28. Plaintiff re-asserts and incorporates by reference all of the facts set forth in the above numbered paragraphs.

29. Plaintiff opposed Defendant's unlawful discriminatory conduct and employment practices.

30. Defendant retaliated against Plaintiff for raising issues of disability and age discrimination to Defendant's management.

31. Defendant ultimately terminated Plaintiff because of his opposition to its unlawful practices in violation of the ADA, the ADEA and Chapter 21 of the Texas Labor Code.

32. Defendant also committed these retaliatory acts intentionally, with malice, and/or with reckless indifference to Plaintiff's rights.

## VI.   JURY DEMAND

33. Plaintiff respectfully demands a trial by jury on all issues to be tried in this matter.

## VII.   PRAYER

34. For the reasons stated above, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of this cause, judgment be entered for Plaintiff against Defendant for the following:

   a. Past and future lost wages;

   b. Lost benefits;

   c. Compensatory damages;

   d. Punitive damages;

   e. Pre and post-judgment on all sums, including attorney's fees;

   f. Liquidated damages;

    g.  Attorney's fees;

    h.  Costs and expenses of suit; and

    i.  All other relief the court deems appropriate.

Respectfully submitted,



_____
Alfonso Kennard, Jr.
Texas SBN: 24036888
Fed. I.D. No.: 713316
5433 Westheimer Road, Suite 825
Houston, Texas 77056
Phone: (713) 742-0900
Facsimile: (713) 742-0951
Email: alfonso.kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL FOR PLAINTIFF:**
Brian J. Levy
Texas SBN: 24067728
Fed. I.D. No.: 1109283
Kennard Law, P.C.
5433 Westheimer Road, Suite 825
Houston, Texas 77056
Phone: (713) 742-0900
Facsimile: (713) 742-0951
Email:brian.levy@kennardlaw.com